UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDGAR TACURI ex rel. ANDERSON OMAR TACURI GUANOLUISA, <br><br> Petitioner, <br><br> -against- <br><br> LADEON FRANCIS, et al., <br><br> Respondents. | 25-CV-07012 (JAV) <br><br> ORDER FOR APPEARANCE OF PRO BONO COUNSEL |

JEANNETTE A. VARGAS, United States District Judge:

On August 22, 2025, Petitioner Anderson Omar Tacuri Guanoluisa, through next friend Edgar Tacuri, filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, while the Court had habeas jurisdiction over the instant action.  ECF No. 18 at 12.

### DISCUSSION

The Court finds that the appointment of *pro bono* counsel is appropriate in this case.  In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include:

> (1) whether the party's claim has substantial merit;
> (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited;
> (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination;
> (4) the party's overall ability to present its case; and
> (5) whether the legal issues presented are complex."

*Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner.  In particular, the location of Petitioner's detention, both currently and at the time the petition was filed, presents complex jurisdictional and other legal questions.  Moreover, Petitioner's abilities to present his case and conduct any related fact investigation are

significantly limited due to his incarceration and the emergency nature of his petition.  Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues." *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.  It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989).  There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another.  In either instance, Petitioner should be prepared to proceed with the case *pro se*.  If an attorney volunteers, the attorney will contact Petitioner, or his next friend, directly.

If Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants.  *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

### CONCLUSION

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.

The due date for Petitioner to submit a reply to Respondents' Memorandum of Law in Opposition to Habeas Petition, ECF No. 22, is currently December 18, 2025.  To date, Petitioner has not filed papers in reply.  IT IS HEREBY ORDERED that Petitioner's time to file a reply brief is stayed pending further order of the Court.

2

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and Edgar Tacuri at the addresses listed on the docket sheet for this action. Edgar Tacuri may receive court documents by email by completing the form located at https://nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf.[1]

SO ORDERED.

Dated:    December 15, 2025
          New York, New York

_____
          JEANNETTE A. VARGAS
          United States District Judge

---

[1] For more information about consenting to electronic service, please review the Court's instructions: https://nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf. If Edgar Tacuri consents to receive documents by email, Edgar Tacuri will no longer receive court documents by regular mail.